IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH ROSS RICHARDSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:21-CV-0676-D |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## ORDER

After reviewing all relevant matters of record in this case, including the findings, conclusions, and recommendation of the United States Magistrate Judge and plaintiff's objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned district judge is of the opinion that the findings and conclusions of the magistrate judge are correct, and they are adopted as the findings and conclusions of the court.

Substantial evidence supports the ALJ's conclusion that plaintiff Kenneth Ross Richardson's ("Richardson's") impairments were slight abnormalities that would not be expected to interfere with his ability to work. At step two of the ALJ's analysis of disability, the ALJ "must determine whether any identified impairments are 'severe' or 'not severe.'" *Herrera v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 899, 903 (5th Cir. 2010) (per curiam). A severe impairment is one "which significantly limits [one's] physical or mental ability to do basic work activities." *Garcia v. Berryhill*, 880 F.3d 700, 705 (5th Cir. 2018) (alteration in original) (quoting 20 C.F.R. § 404.1520(c)). A non-severe impairment is a "slight abnormality" that has "such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (quotation omitted).

An impairment is non-severe when medical evidence shows that the impairment is mild and does not limit the individual's ability to work. *See Jeansonne v. Saul*, 855 Fed. Appx. 193, 197 (5th Cir. 2021) (per curiam) ("[T]he physicians in Jeansonne's case all generally agree that most limitations are mild and that Jeansonne has no significant limitations to working."). On the other hand, an impairment is severe when the medical evidence consistently and uniformly shows that the individual has a history with an impairment and has been treated for it. *See Scroggins v. Astrue*, 598 F.Supp.2d 800, 806 (N.D. Tex. 2009) (Ramirez, J.) (anxiety and depression), *rec. adopted*, 598 F.Supp.2d 800 (Lindsay, J.).

In his objections to the magistrate judge's findings and conclusions, Richardson points to his obesity, depressive disorder, anxiety disorder, knee damage, and degenerative disc disease as severe impairments. He contends that these impairments cause more than a minimal limitation on his ability to work. In support, he cites medical evidence that he has suffered spine damage and knee damage. He also avers that his mental limitations are severe.[1]

Substantial evidence supports the ALJ's determination that his impairments are not severe. While Richardson cites record evidence to show that he has impairments (i.e., that physicians have determined that he has damage to his knee and back), there is no evidence that any physician concluded that his impairments would limit his functioning at work. *See Anthony v. Sullivan*, 954

---

[1] For example, one doctor diagnosed Richardson with severe anxiety and depression. The magistrate judge ultimately discounted this doctor because the ALJ had properly considered this evidence and discounted it as inconsistent with other record evidence. Richardson does not mention this evidence in his objections and does not object to the magistrate judge's conclusions on this issue. *See* § 636(b)(1)(C) (stating that the court reviews "those portions of the . . . recommendations to which objection is made"). And, regardless, given the other evidence in the record, this doctor's opinion does not lead to the conclusion that the ALJ lacked substantial evidence. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) ("Although muscle weakness was observed in several of Anthony's other examinations, her physical, neurological motor examinations have been essentially normal.").

F.2d 289, 295 (5th Cir. 1992); *Ealoms v. Colvin*, 2016 WL 11584831, at *8 (W.D. Tex. Aug. 8, 2016) ("Plaintiff has done nothing more than to establish that he was severely obese, but as per the Regulation recited above, merely labeling his obesity as severe does not mandate a finding of severity at step 2."), *rec. adopted*, 2016 WL 11584829 (W.D. Tex. Aug. 31, 2016); *Shaffett v. Soc. Sec. Admin.*, 2016 WL 8669757, at *4 (E.D. La. Sept. 30, 2016) ("The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her urinary incontinence that she was precluded from engaging in any substantial gainful activity."), *rec. adopted*, 2017 WL 1149334 (E.D. La. Mar. 28, 2017).[2]  In fact, the record is replete with contradictory evidence, suggesting that he has only "slight abnormalit[ies]" that have "such minimal effect on the individual that [they] would not be expected to interfere with the individual's ability to work." *Stone*, 752 F.2d at 1101.  For example, multiple doctors stated that he had good strength, range of motion, and ambulation.  And multiple doctors concluded that his limitations were not severe.  Substantial evidence therefore supports the ALJ's decision. *See Jeansonne*, 855 Fed. Appx. at 197.

---

[2] One doctor concluded that Richardson could not sit or stand for long periods of time.  But this recommendation was only for a limited period until Richardson was cleared by another doctor.  The ALJ discounted this doctor's recommendation because it was inconsistent with other evidence in the record. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (holding that ALJ may discount treating physician's opinion if unsupported by evidence).

Accordingly, the findings and conclusions of the magistrate judge are correct and are adopted by the court.

**SO ORDERED**.

July 7, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE